IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REINALDO SANTIAGO LAMPÓN,

    Plaintiff,

    v.

REAL LEGACY ASSURANCE CO., *et al.*,

    Defendants, Third-Party Plaintiffs,

    v.

AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN, *et al.*,

    Third-Party Defendants.

Civil No. 12-1314 (JAG/BJM)

## OPINION AND ORDER

Before the court is Reinaldo Santiago-Lampón's ("Santiago" or "plaintiff") motion to strike Real Legacy Assurance Co.'s and The Shell Company Ltd. Puerto Rico's (collectively "defendants") experts' reports as untimely.  Docket No. 56.  Co-defendant and third-party defendant Autoridad de Carreteras y Transportación de Puerto Rico ("PRHTA") also filed a motion to strike as untimely the accident reconstruction report of one of the experts, and joined plaintiff's motion.  Docket No. 60.  Defendants oppose, asking the reports be admitted, or that if the motion is granted, that plaintiff's experts' reports be struck as well.  Docket No. 66.  The presiding judge referred the motions, defendants' opposition, and Santiago and PRHTA's respective replies (Docket Nos. 73, 75) to me for disposition.  Docket No. 74.  The motions to strike are **GRANTED**.

## BACKGROUND

On July 6, 2012, trial was set for July 15, 2013.  Docket No. 8.  On September 6, 2012, the court granted plaintiff until October 15, 2012 to serve any experts' reports. Docket No. 31.  Plaintiff produced their experts' reports on October 16, 2012.  Docket No. 56 at 2, ¶ 7.  Defendants had until November 30, 2012 to do the same.  Docket No.

31.   Discovery was originally set to conclude by February 28, 2013, with dispositive motions to be filed by March 29, 2013.   *Id.*   But, granting plaintiff's petition due to a fire that destroyed counsel's office, the court extended the deadline to conclude discovery by April 1, 2013, with dispositive motions due by May 1, 2013.   Docket No. 54.   Defendants produced four experts' reports on April 29, 2013.   Docket Nos. 56 at 1, ¶ 4; 60 at 2, ¶ 3.[1]

### DISCUSSION

Santiago and PRHTA argue that the defendants' five-month delay in disclosing the experts' reports is prejudicial to them.   Docket Nos. 56 at 2, ¶ 6; 60 at 2, ¶ 4. Specifically, they argue that the short time between the disclosure and the trial will preclude them from deposing the experts, procuring their own rebuttal expert witnesses, and will hinder their trial preparations by having to focus on this matter.   Docket Nos. 56 at 2, ¶ 6; 60 at 2, ¶ 4.   Parties are required to identify their expert witnesses and, unless the court specifies otherwise, a written report must accompany the disclosure.   Fed. R. Civ. P. 26(a)(2)(A)-(B).   The parties must make these disclosures at the times and in the sequence that the court orders.   R. 26(a)(2)(D).   Failure to comply with Rule 26(a) disclosures results in the party being unable to use the information or witness, unless the failure was justified or harmless.   R. 37(c)(1).   When deciding whether to exclude expert witness reports for failure to disclose, the court must review (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects-e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.   *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009)

---

[1] Dr. José López's independent medical evaluation was dated November 1, 2012.   Docket No. 73-3.   Mr. Antonio Rosado's loss of income report and Dr. José Franceschini Carlo's forensic psychiatric report were dated November 30, 2012.   Docket Nos. 73-1, 73-2.

(citing *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003)).  I analyze each of these factors in turn.

## I.        History of the Litigation

Defendants have demonstrated a pattern of delays.  The court ordered the defendants to produce their expert witness reports by November 30, 2012.  Docket No. 31.  Defendants produced the expert reports on April 29, 2013.  Docket Nos. 56 at 1, ¶ 4; 60 at 2, ¶ 3.  Defendants do not deny that the experts' reports were submitted late, but contend that a series of procedural changes altered the discovery timetable.  Docket No. 66 at 2-3.  The parties may change the discovery timetable that they had originally shared with the court, but they may not stipulate any discovery procedure that would interfere with the time set by the court for completing discovery.  Fed. R. Civ. P. 29(b).

Defendants state that on November 16, 2012, the parties agreed to postpone depositions of fact witnesses until the week of December 17, 2012 and that defendants would turn in the experts' reports by December 31, 2012.  Docket No. 66 at 2-3.  Santiago does not confirm or deny agreeing to receive defendants' experts' reports by December 31, 2012.  *See* Docket No. 73 at 3.  But, he argues that agreeing to an extension beyond the discovery deadline of April 1, 2013 would be absurd as it would leave him no time to depose defendants' experts.  *Id.* at 3-4.  PRHTA argues that it was not a part of this conversation and that it would have objected to any deadline for submission beyond November 30, 2012.  Docket No. 75 at 3.  Assuming, *arguendo*, the parties had agreed to a December 31, 2012 deadline, defendants did not comply the experts' reports submission.

Even in the absence of a court order, defendants' experts' report would be in violation of Rule 26.  Expert testimony must be disclosed at least ninety days before the date set for trial.  Fed. R. Civ. P. 26(a)(2)(D)(i).  April 29, 2012 is only seventy-seven days before the trial date of July 15, 2013.  Defendants claim that the court's December 11, 2012 order granting plaintiff's motion to delay the discovery deadline effectively

extended the deadline for all discovery matters to April 1, 2013, including the experts' reports.  Docket No. 66 at 3.  Because the experts' reports deadlines had passed when the court granted plaintiff's motion and they were not mentioned in the motion, defendants' assumption seems misleading.  *See* Docket Nos. 53, 54.  Defendants failed to file a motion for an extension of time for their experts' reports.  Unless approved by the court, any such extension beyond the discovery deadline, whether on agreement by the parties or not, would have been a violation of Rule 29(b).  Assuming the April 1, 2013 extension applied to the experts' reports, the defendants' reports would still have been submitted twenty-eight days late and only three days prior to the deadline for dispositive motions.  Assuming a court order was not in effect, the defendants' reports would have been thirteen days late.  This factor weights against defendants as it reveals a pattern of unjustified delays.

## II.    Defendants' Need for the Reports

Defendants did not articulate their need for the untimely experts' reports.  *See* Docket No. 66.  A party's need for the expert testimony cuts in their favor.  *Santiago-Díaz v. Laboratorio Clínico Y De Referencia Del Este And Sara López, M.D.*, 456 F.3d 272, 277 (1st Cir. 2006).  Here, defendants not only fail to articulate their need for the additional information in the late submission, but also failed to list the reports submitted.  *See* Docket No. 66.  Defendants mention that their accident reconstruction expert's opinion "to some extent overlaps with" the plaintiff's expert's, and that their damages reports "do not contradict the damages suffered by the plaintiff, but only the extent of the damages claimed."  *Id.* at 9.  Defendants discuss the damages reports, as a group.  *See id.* It is plaintiff's motion to strike where the court receives notice that the damages reports include an orthopedist's, a psychiatrist's, and an economist's report.  Docket No. 56 at 2, ¶ 4.  This makes it more difficult to determine the defendants' need for the reports

submitted as they equate the reports to information already available and failed to enumerate or in any way state their need for the reports.

To provide some perspective, in *Santiago-Díaz*, a medical malpractice suit, the doctor that discovered the defendants' malpractice was not allowed to testify because the expert's report did not comply with the Rule 26(a)(2)(B) requirements.  *See Santiago-Díaz*, 274-275.  There, the First Circuit found that the need for the expert was established and certainly weighed in the plaintiff's favor as part of the five-factor analysis.[2]  Here, the need for the experts' reports is not so evident, even more so in light of defendants' statements that the opposing parties' witnesses have provided similar testimony.  While the court may surmise the potential need for these reports in the present litigation, it is the litigants' obligation to give the court the raw materials needed to conduct an analysis of their claims, or they risk losing as a consequence.  *See Velázquez Rodríguez v. Mun'y of San Juan*, 659 F.3d 168, 175 (1st Cir. 2001) (internal citations omitted).  Even though the necessity factor is usually weighed in favor of the party submitting the information, defendants' failure to address it achieves the opposite result.

### III.   Defendants' Justification

Defendants do not deny that the experts' reports were submitted late.  Docket No. 66 at 3.  Failing to comply with the court's order of when the parties must disclose their expert witnesses violates Fed. R. Civ. P. 26(a)(2)(D).  If the violation is not substantially justified or harmless, the submitting party cannot use the expert witness at trial, at a hearing, or on a motion.  *Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia*, 248 F.3d 29, 33 (1st Cir. 2001) (citing Fed.R.Civ.P. 37(c)(1)).  Defendants argue their delay in submitting the accident reconstruction report was justified and harmless, and their delay in submitting the three damages reports was harmless mistake.

---

[2] The First Circuit found that the district court did not abuse its discretion in excluding the witness' testimony, even though fatal for the plaintiff's case, because all remaining factors cut against her.  *Santiago-Díaz*, 277-278.

Docket Nos. 66 at 7, 10.   I stop to address the defendants' justification for the late accident report here, and then discuss the lack of prejudice of the harmless mistake under opposing parties' ability to overcome it.

Defendants argue that the parties had agreed that expert witnesses could complete their reports after all facts witnesses had been deposed, and the last facts witness was deposed on April 2, 2013.   Docket No. 66 at 8.   While the parties may stipulate procedures governing discovery, a stipulation that would interfere with the time set for completing discovery must have court approval.   *See* Fed. R. Civ. P. 29(b).   Here, the parties' alleged agreement is irrelevant because it would have interfered with the April 1, 2013 discovery completion deadline.   Defendants claim that, without the information provided by the fact witnesses, the accident reconstruction expert's report would have been "a shot in the dark."   Docket No. 66 at 8.   But, at least two factual witnesses had already been deposed as of the defendants' November 30, 2012 experts' reports deadline. *See id.* at 2.   Nothing precluded defendants' expert from drafting a timely report and supplementing his report at a later date, as outlined in Fed. R. Civ. P. 26(e) (stating a party must supplement Rule 26(a) disclosures if the information on their report or deposition is incomplete or incorrect).   I discussed other deadline justifications defendants provided above and found them unpersuasive.   Similarly here, I find defendants' justification for the delay insufficient.

## IV.   Santiago and PRHTA's Ability to Overcome the Adverse Effects

Santiago and PRHTA argue that experts' reports should be struck because they were notified on April 29, 2013, leading to surprise and prejudice.   Docket Nos. 56 at 1, ¶ 4; 2, ¶ 6; 60 at 2-3, ¶ 3-4.   Specifically, they argue that preparations for deposing Dr. Garrett at this stage and the deposition itself will detract from trial preparations.   Docket No. 56 at 2, ¶ 6.   "This is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate."   *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001).   "The rules require formal disclosure for a reason: without it, [the opposing

party] may be hindered in their ability to prepare effectively for trial." *Esposito*, 590 F.3d at 78.  Solely revealing the expert to the opposing parties without the report submission is not compliant with the Rule 26 requirements.  *Peña-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005) (citing *Prieto v. Malgor*, 361 F.3d 1313, 1317–18 (11th Cir. 2004) (noting submitting the expert witness' name is not enough and that each witness must provide a written report containing the information required under Rule 26)).  I discuss the harmlessness of the delay for the accident reconstruction report and the damages reports in turn.

### A.     Accident Reconstruction Report

Defendants assert that any delay in Dr. Garrett's report was not prejudicial because Santiago and PRHTA were aware that Dr. Garrett would be an expert witness due to his presence at the PRHTA employees' depositions.  Docket No. 66 at 9.  They also assert that Santiago and PRHTA have had sufficient time to depose Dr. Garrett between the April 29 report submission and the July 15 trial date.  Docket No. 66, 8.  Finally, defendants argue that Dr. Garrett's opinion should be no surprise to Santiago since it specifically addresses his theory of the case, and no surprise to PRHTA because it is consistent with plaintiff's experts', which PRHTA should be prepared to counter.  Docket No. 66 at 5, 9.

First, Dr. Garrett's presence in the depositions does not comply with the disclosure requirements, especially absent the written report submission.  *See* Fed. R. Civ. P. 26(a)(2)(A)-(B) (stating that the parties are required to identify their expert witnesses in a timely manner, and the disclosure must include an opinion report, unless the court specifies otherwise).  Here, the required report was not produced until April 29, 2013, twenty-eight days past the discovery deadline, and three days prior to the dispositive motions deadline.  Additionally, by suggesting that opposing parties depose Dr. Garrett in the time left before trial, defendants seem to disregard the court's discovery deadline, and brush off the disruption that their timing in submitting the report may have caused to both

dispositive motion and trial preparations, providing further evidence of their lack of regard for the court's scheduling order.  Discovery concluded on April 1, 2012.  Docket No. 54.  The court order establishing so was a response to a motion for an extension of time.  *See* Docket No. 53.  There are tools available for the parties to address unforeseeable circumstances and defendants failed to take advantage of them.

Finally, in equating their experts' reports with information already evidenced in the record or that co-defendants should already be addressing, defendants miss the mark in proving harmlessness and undermine the need for their late submission.  This court has found shorter delays than defendants' in revealing an expert witness to be prejudicial as they undercut the opportunity to "challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery." *See Irizarry-Santiago v. Essilor Indus.*, CIV. 12-1098 FAB, 2013 WL 2352101 (D.P.R. May 30, 2013) (citing *Lohnes*, 272 F.3d at 60) (Irizarry-Santiago had not submitted the expert report six weeks before the close of discovery); *see also Rivera Adams v. Wyeth*, CIV. 03-1713 JAF, 2010 WL 5072061 (D.P.R. Dec. 3, 2010) (excluding causation expert testimony submitted three months after experts' reports deadline, during summary judgment).   Here, defendants may have overcome the surprise element, but the short time opposing parties would have available to counter the reports is still prejudicial.

## B.    Damages Reports

Dr. José López's independent medical evaluation was dated November 1, 2012, while Mr. Antonio Rosado's loss of income report and Dr. José Franceschini Carlo's forensic psychiatric report were dated November 30, 2012.  Docket Nos. 56 at 2-3, ¶¶ 7-9; 73-1; 73-2; 73-3.  Defendants thought that all expert reports should be turned in at the same time, and since the accident reconstruction report was delayed, so were the three damages reports.  Docket No. 66 at 9.  Defendants allege this is a harmless mistake because the damages reports do not contradict the damages the plaintiff alleges, only their

extent.  *Id.*  I addressed the prejudice against opposing parties caused by the delay above and my position here is the same.  The fact that defendants had these reports available to them before their original experts' reports deadline and failed to notify them until all plausible estimations of a discovery deadline does nothing to help their case.

Defendants' final argument that in the event their experts' reports are struck, plaintiff's experts report should face the same sanctions similarly fails.  Docket No. 66 at 10.  Defendants argue plaintiff's experts' reports were submitted late on October 16, 2012 and supplemental reports were submitted as late as March 1, 2013.  *Id.*  Rule 26(e) establishes that disclosures must be corrected or supplemented as needed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.  Fed. R. Civ. P. 26(e).  Rule 26(a)(3) sets the due date at least thirty days before trial.  Fed. R. Civ. P. 26(a)(3).  Plaintiff submitted the supplemental reports thirty days before the conclusion of discovery.  Therefore the supplemental reports were timely.  Ultimately, plaintiff admits that his experts' reports were one day late.  Docket No. 56 at 2, ¶ 7.  But, defendants failed to argue how the one-day original submission delay was prejudicial to them, the court, or any of the parties' preparations.  *See* Docket No. 66 at 10.  The plaintiff's one-day delay is harmless and does not warrant a Rule 37(c)(1) sanction.

## V.    Impact on the District Court's Docket

Not striking the experts' reports would result in reopening discovery to avoid prejudice against Santiago and PRHTA and pushing back a trial date that has been established since July 2012.  The district court has an interest in the efficient management of its docket.  *Santiago-Díaz*, 456 F.3d at 277.  The court's ability to manage its docket is compromised when a party, without good cause, neglects to comply with reasonable deadlines.  *Id.*  Here, on balance, the defendants' disregard for the court ordered deadlines, their failure to explain their need for the reports, the lack of substantial justification, and the prejudice against the opposing parties further tip the scale away

from burdening the court's docket with the adjustments that would be warranted if the experts' reports are not struck.

## CONCLUSION

For the foregoing reasons, Santiago and PRHTA's motions to strike are **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of July, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge