THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REINALDO SANTIAGO-LAMPON,<br><br>**Plaintiff,**<br><br>v.<br><br>REAL LEGACY ASSURANCE, *et al.*,<br><br>**Defendants.** | CIVIL NO. 12-1314 (JAG) |

**OPINION AND ORDER**

GARCÍA-GREGORY, D.J.

Before the Court is defendant Puerto Rico Highway and Transportation Authority's ("Defendant" or "PRHTA") motion for judgment as a matter of law or motion for new trial. (Docket No. 152). For the reasons that follow, the motion is **DENIED**.

**BACKGROUND**

On December 10, 2010 at approximately 05:10 a.m., Plaintiff Reinaldo Santiago-Lampon ("Plaintiff") was driving to work on Highway Number 5 when he noticed Joshua Perez's ("Perez") vehicle on the emergency lane. Perez was replacing two flat tires. Plaintiff stopped his vehicle behind Perez's, turned on the hazard lights and exited his vehicle in order to assist Perez. Suddenly a truck impacted the rear of Plaintiff's car crushing Plaintiff between his vehicle and Perez's. Plaintiff,

whose leg had to be amputated, received extensive and permanent injuries. On May 8, 2012, Plaintiff brought this tort action under Article 1802 of Puerto Rico's Civil Code against Shell Company ltd. Puerto Rico, Real Legacy Assurance, Co. "Real Legacy", and PRHTA for the damages resulting from the accident. P.R. Laws Ann. tit. 31 § 5141.

Shell and Real Legacy eventually settled their claims with Plaintiff. (Docket No. 122). As such, only PRHTA proceeded to trial, which began on July 15, 2013. Six days later, the jury returned a verdict in favor of Plaintiff for $6,319,696 finding PRHTA's negligence, along with that of the truck driver's, had been the cause of Plaintiff's injuries.[1] Defendant renewed its motion for judgment as a matter of law on three grounds: (1) the Court lacked subject matter jurisdiction when judgment was entered because there was no diversity between the parties; (2) Plaintiff's cause of action is time barred; and (3) the judgment is not supported by the evidence presented. In the alternative, Defendant requests new trial. We address each argument below, and ultimately deny Defendant's requests.

---

[1] The jury found the truck driver and PRHTA to be equally liable by assigning fifty percent (50%) responsibility to each party. (Docket No. 137).

## **DISCUSSION**

I.  <u>No diversity jurisdiction existed at the time the complaint was filed</u>

Two weeks before trial, defendants Real Legacy and PRHTA filed a motion to dismiss alleging Plaintiff was not domiciled in Florida, and diversity jurisdiction was thus not present. (Docket Nos. 82, 88, 111).  But the Court denied the motion finding that the Plaintiff was in fact domiciled in Florida when the complaint was filed, (docket no. 115). <u>Valentin v. Hospital Bella Vista</u>, 254 F.3d 358, 361 (1st Cir. 2001)("for federal jurisdictional purposes, diversity of citizenship must be determined as of the time of suit") (citing <u>Bank One v. Montle</u>, 964 F.2d 48, 49 (1st Cir. 1992)).

Now PRHTA attacks diversity jurisdiction under a different theory. Specifically, PRHTA alleges that the State Insurance Fund ("SIF"), not Plaintiff, had standing to sue because SIF had yet to issue its final decision on Plaintiff's accident when the complaint was filed.[2] <u>See</u> P.R. Laws Ann. tit. 11 §32.[3]. According

---

[2] While Plaintiff's complaint was filed on May 8, 2012, the final decision of the Manager of the State Insurance Fund was issued on September 18, 2012.
[3] The Puerto Rico Workman's Compensation Act ("PRWCA") states:
> the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman . . . and may institute proceedings against such third party in the name of the injured workman . . . within ninety (90) days following the date of the final and enforceable decision of the case. . . . [T]he injured workman *may [not] institute any action . . . until after the expiration of*

to PRHTA, once SIF filed a motion to intervene, (docket no. 36), diversity was destroyed. PRHTA meshes two arguments into one – standing and diversity jurisdiction — neither of which is meritorious.

Defendant's position that SIF's intervention destroyed diversity jurisdiction ignores a key fact in this case: SIF's motion for leave to intervene was found to be moot by the Court because SIF filed a motion to dismiss that motion *with prejudice*, (docket nos. 89, 130). In other words, *SIF was never a party to this case*. See Mutual Produce, Inc. v. Penn Cent. Transp. Corp, 119 F.R.D. 619, 620 (D.Mass. 1988)(stating that the intervenors could not be considered parties until their motions to intervene had been granted)(citing District of Columbia v. Merit Systems Protection Bd., 762 F.2d 129, 132 (D.C. Cir. 1985)("Intervenors under Rule 24(a)(2) ... are normally treated as if they were original parties *once intervention is granted*."). Accordingly, diversity was not destroyed.

The Court finds that this alone disposes of PRHTA's rather convoluted argument. However, intertwined with their primary argument, Defendant also questions whether this case could

---

*ninety days from the date of the final an enforceable decision of the case by the Manager of the State Insurance Fund.*
P.R. Laws Ann. tit. 11 §32 (emphasis ours).

continue without SIF and cites different cases that have been dismissed for prematurity because they were filed before SIF's 90-day period elapsed. But these cases are inapposite. It is true that Plaintiff filed this case prematurely, and therefore SIF had a right to intervene. But the statute cited by PRHTA vests SIF with the *discretion* to subrogate itself in the rights of the employee. And here, the fact remains that SIF chose to dismiss its subrogation complaint with prejudice, making its intentions *not* to intervene clear.[4] For these reasons, this case shall not be dismissed.

II. Plaintiff's cause of action is time barred[5]

Under Article 1802, "when the negligent acts of more than one person have adequately caused a harm, each such person is a joint tortfeasor who is liable in full to the plaintiff for the harm caused." Tokyo Marine & Fire Ins. v. Pérez & Cia., 142 F.3d 1, 4 (1st Cir. 1998); P.R. Laws Ann. tit. 31 § 5141. As this is a tort case, Plaintiff's claim is subject to a one-year statute of limitations. P.R. Laws Ann. tit. 31 § 5298(2).

---

[4] The Court notes, moreover, that at the pretrial conference, the defendants, among which was PRHTA, voiced their concern as to SIF's motion to dismiss because it was filed as a motion to dismiss *without prejudice*, (docket no. 85). But the parties conferred with the Court and *agreed* that they would not object to SIF's motion if it were filed as a motion to dismiss with prejudice, (docket no. 92); shortly thereafter, SIF filed such motion, (docket no. 89).

[5] This is a diversity case, and as such, the substantive Puerto Rico law controls. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Borges ex rel. S.M.B.W. V. Serrano-Isern, 605 F.3d 1, 6 (1st Cir. 2010).

For purposes of this discussion, the relevant facts are as follows: The accident occurred on December 10, 2010. On August 17, 2011, Plaintiff sent a letter to PRHTA, which tolled the statute of limitations. (See Court's Exh. 2).[6] The original complaint against only Real Legacy was filed on May 8, 2012. (Docket No. 1. On September 12, 2012, Plaintiff filed an amended complaint, adding PRHTA as a defendant. (Docket No. 32).

Defendant argues that Plaintiff's claim against PRHTA is time barred because even if the statute of limitations was interrupted by the August 2011 letter, the amended complaint adding PRHTA was filed more than a year later. Defendant further argues that the original complaint filed against Real Legacy did not interrupt the prescription period against PRHTA. Defendant claims its position is supported by <u>Garcia Perez v. Corporacion de la Mujer</u>, 174 P.R. Dec. 138 (2008) and <u>Martinez Diaz v. E.L.A.</u>, 132 P.R. Dec. 200 (1992). The Court does not agree.

The issue here is whether in the case of joint tortfeasors the filing of a complaint against one tortfeasor interrupts the prescription period against the others. At the time of the filing of the complaint, the controlling case on this issue was

---

[6] Defendant alleges that because the letter was not entered into evidence, Plaintiff "did not comply with its burden of proof in establishing that the one (1) year [sic] prescription period was interrupted." (Docket No. 152, p. 20). This argument is frivolous. The letter *did* enter into evidence, and was marked as the Court's exhibit 2. And more importantly, this legal issue was never submitted to the jury.

Arroyo v. Hospital la Concepcion, 130 P.R. Dec. 596 (1992), which answered that question in the affirmative. Arroyo further held that once a complaint was filed against one tortfeasor, a plaintiff need only allege well and sufficiently in the amended complaint that the newly-added tortfeasors were jointly liable for the damages claimed in the original complaint. See Arroyo, 130 P.R. Dec. at 608. This rule, contrary to Defendant's position, *was not* modified in Garcia, but in Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 P.R. Dec. 365 (2012).[7]

In Fraguada, the Supreme Court of Puerto Rico established a distinction between contractual solidarity, and imperfect solidarity, the latter of which applies to jointly liable tortfeasors. The Court then overturned Arroyo and held that a complaint filed against one tortfeasor did not interrupt the statute of limitations against the others. Fraguada, 186 P.R. Dec. at 389. Notwithstanding, Fraguada was issued on August 13, 2012, three months after this case was filed, and the Supreme Court, in reversing its previous ruling, specifically stated: *"[p]ublic policy and social order considerations prompt the prospective application of this new rule."* Fraguada, 186 P.R.

---

[7] In fact, the defendants in Garcia, much like the defendant in this case, argued that Martinez altered the norm established in Arroyo. The Court explicitly stated that the defendants were wrong for two reasons: first, Martinez did not constitute precedent; and second, the facts and issues in Martinez were distinguishable from the facts in Garcia. Garcia, 174 P.R. Dec. at 156. For these same reasons, PRHTA's argument fails.

Dec. at 393 (our translation). For these reasons, the Court applies Arroyo and finds that Plaintiff's original complaint against Real Legacy and Shell interrupted the statute of limitations against PRHTA. Plaintiff's claims are not time barred.

   III. Insufficiency of the evidence did not create an issue of fact for the jury

Defendant has renewed its motion for judgment as a matter of law under Fed. R. Civ. P. 50.[8] According to First Circuit precedent, "[c]ourts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." Monteagudo v. Asociacion de Empleados del Estado Libre Asociado, 554 F.3d 164, 170 (1st Cir. 2009) (internal citations omitted). "A motion for judgment as a matter of law, like a motion for

---

[8] Fed. R. Civ. P. 50 allows a party during a jury trial to move the Court for entry of judgment as a matter of law. Such a motion may be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). If the Court denies the motion, then "[n]o later than 28 days after the entry of judgment ... [t]he movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). [T]he party renewing a motion for judgment as a matter of law pursuant to Rule 50(b) "is required to have moved for judgment as a matter of law at the close of all the evidence." Taber Partners I v. Insurance Co. of North America, Inc., 917 F.Supp. 112, 115 (D.P.R. 1996) (citing Keisling v. SER–Jobs for Progress, Inc., 19 F.3d 755, 758 (1st Cir. 1994)).

summary judgment, questions whether a reasonable jury could reach only one result based upon the evidence." Taber Partners I v. Insurance Co. of North America, Inc., 917 F.Supp. 112, 115 (D.P.R. 1996). As part of this analysis, courts "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." Wagenmann v. Adams, 289 F.2d 196, 200 (1st Cir. 1987). Rather, the evidence must be viewed in the light most favorable to the plaintiff. Acevedo-Garcia v. Monroig, 351 F.3d 547, 565 (1st Cir. 2003). For these reasons, courts recognize that a party seeking relief under this rule "faces an uphill battle." Id.

Defendant argues that there was not sufficient evidence presented by Plaintiff to create a triable issue for the jury. It contends that Plaintiff was unable to establish how the accident occurred, and that the evidence proves that the PRHTA's negligence, assuming there was any, was not the proximate cause of the accident. After reviewing the record, the Court disagrees.

Plaintiff presented, among other things, the testimony of engineer Ralph Aronberg, who was admitted by the Court as an expert in accident reconstruction and roadway safety.[9] Aronberg testified that the required signs were missing and that roadway

---

[9] Defendant did not object to Aronberg being admitted as an expert in these areas.

markings were destroyed.[10] In his opinion, there was not sufficient guidance for drivers traveling on that road, which in turn created a sudden and unexpected situation for the truck driver in this case.[11] Finally, he concluded that due to these circumstances and the conditions of the road, PRHTA was liable for the accident. PRHTA, however, emphasizes among other things the driver's testimony that he was not looking straight ahead and that he was familiarized with the road. But we stress that the Court *cannot* weigh the evidence; it must limit its analysis to whether Plaintiff presented evidence that could support its theory. And the Court finds that he did.

PRHTA further argues that Plaintiff did not prove foreseeability since he did not present evidence of previous accidents where Plaintiff was hit. The argument is unavailing. First, there was evidence presented to the jury as to the deterioration of the curb on the exit ramp possibly due to impacts from previous cars. Second, Plaintiff need not, as Defendant alleges, present a previous accident *in the exact spot* of Plaintiff's accident to prove foreseeability. Therefore, and in viewing the evidence in the light most favorable to

---

[10] Aronberg explained that the analysis was conducted after several site inspections, and after reviewing the plans and specification of the road, as well as pictures of the accident.
[11] The road where the accident occurred has three lanes immediately prior to the accident. The right lane is an exit-only lane; vehicles traveling on this lane must exit the highway or move to the middle lane, since it converts into an emergency lane.  Plaintiff parked his car in the emergency lane, and was later hit by the truck.

Plaintiff, we find that the evidence presented was sufficient to support the verdict in this case.

IV.   <u>Motion for remittitur</u>

The jury awarded Plaintiff a total of $6,319,696.00. The specific amounts were as follows:

```
Medical Expenses                          $442,671
Past Lost Salaries[12]                    $65,000
Future Lost Salaries                      $812,026
Past Physical Pain and Suffering          $100,000
Future Physical Pain and Suffering        $900,000
Past Emotional Pain and Suffering         $1,500,000
Future Emotional Pain and Suffering       $250,000
```

Defendant moves for remittitur arguing that the damages award was grossly excessive and disproportionate. But the First Circuit has held that "a verdict should stand unless it is grossly excessive, inordinate, shocking to the conscience or so high that it would be a denial of justice to permit it to stand." <u>Segal v. Gilbert Color Systems, Inc.</u>, 746 F.2d 78, 80-81 (1st Cir. 1984)(internal quotations marks omitted). And we do not find that such is the case here.

Defendant makes two arguments. First, it avers that Jose Herrero, Plaintiff's expert witness, admitted to an error in the calculation of lost salaries, and thus the amount awarded was excessive.  We note that Defendant's argument is vague as it

---

[12] "Past lost salaries" means salaries lost from the accident up to the date of judgment. The same applies for "past physical pain and suffering" and "past emotional pain and suffering".

does not explain how the amount should have been calculated or what the correct amount should have been. Thus, PRHTA fails to "spell out its argument squarely and distinctly." <u>Rivera-Gomez v. De Castro</u>, 843 F.2d 631, 636 (1st Cir. 1988). Furthermore, it is evident that the jury recognized an error as to the past lost salaries, since it did not award the amount Plaintiff requested, $82,277, and instead reduced it to $65,000.

Second, Defendant contends that the $5,000,000 award in physical and emotional pain and suffering is grossly excessive and should be a shock to the conscience of the Court. The Court does not agree. Defendant does little to argue in a meaningful way — *and using the facts of this case* — how the amount was excessive. And it is well-settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." <u>United States v. Zannino</u>, 895 F. 2d 1, 17 (1st Cir. 1990). Moreover, the jury heard the testimony of Plaintiff, Dr. Carlos Grovas, an orthopedic surgeon, Dr. Victor Santiago Noa, a psychiatrist and Dr. Agustin Garcia, a psychologist, who all elaborated on the extent of Plaintiff's permanent emotional and physical damages. This testimony was, for the most part, uncontested. And in the end, the jury was instructed that the damages "must be reasonable and based on reasoned discussion." (Docket No. 134, p. 27). For

these reasons, the Court finds that the amount awarded was not grossly excessive, and does do not warrant a remittitur. As such, the motion is denied.

V.   Motion for new trial

The Court grants a motion for new trial under Fed. R. Civ. P. 59 when the verdict is contrary to the clear weight of the evidence. Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 375 (1st Cir. 2004). However, the First Circuit has stated that "the trial judge must give due deference to the jury's constitutionally sanctioned role as finder of fact." Raymond v. Raymond Corp., 938 F.2d 1518, 1521-1522 (1st Cir. 1991). Thus, the Court may not overturn a jury verdict simply because it would have decided the case differently. Velázquez v. Figueroa-Gomez, 996 F.2d 425, 428 (1st Cir. 1993).

PRHTA argues that the evidence presented to the jury shows that the truck driver's negligence, not the PRHTA's, was the proximate cause of the accident, considering that the truck driver testified to the following: (1) he was not looking at the road ahead of him; (2) he never saw the warning lights of the vehicles he later impacted; (3) that he was aware that the right lane converted into an emergency lane (as he was familiar with the road). The Court understands that such evidence certainly carries weight. *However*, the Court finds that Plaintiff

presented sufficient evidence, as detailed above, for the jury to have reasonably found that the truck driver and PRHTA were *both* liable for the accident. We are unconvinced that in finding PRHTA negligent, the jury reached "a seriously erroneous result." See Borras v. Sea-Land Service, Inc., 586 F.2d 881, 887 (1st Cir. 1978).

Defendant also moves for a new trial arguing that the damages awarded were excessive. When evaluating this type of request, "the Court should only concern itself with the quality of the evidence presented at trial, and should not compare the size of the award to other awards." Acevedo-Garcia v. Vera-Monroig, 213 F.Supp.2d 42, 52 (D.P.R. 2002)(citing Havinga v. Crowley Towing & Transp. Co., 24 F.3d 1480, 1488 (1st Cir. 1994). Furthermore, absent the most unusual case, a Court should not overturn a jury award that has "substantial basis in the evidence presented." Gutiérrez–Rodríguez v. Cartagena, 882 F.2d 553, 579-80 (1st Cir. 1989). After review, we find that the damages awarded were consonant with the evidence presented by Plaintiff. Therefore, and for the same reasons the Court found that a remittitur was not warranted, Defendant's request for a new trial is denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of February, 2014.

                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge